IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUZ GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FIESTA MART, LLC | § | |
| | § | |
| Defendant. | § | |

**Defendant Fiesta Mart, LLC's Notice of Removal**

Defendant Fiesta Mart, LLC ("Fiesta") hereby removes this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Fiesta states as follows:

**I.
Facts**

1. On December 7, 2020, Plaintiff Luz Garcia ("Plaintiff") filed a lawsuit in the 11th Judicial District Court of Harris County, Texas, styled *Luz Garcia v. Fiesta Mart, LLC* and bearing Cause No. 2020-78112.[1] Fiesta filed its Original Answer on January 4, 2021.[2]

2. Plaintiff seeks to recover damages arising from an alleged incident that occurred on June 24, 2020 at "a Fiesta location in Houston, Texas."[3] Plaintiff seeks damages for "negligence"

---

[1] *See generally* Exhibit 3, Plaintiff's Original Petition.

[2] *See generally* Exhibit 4, Fiesta's Original Answer.

[3] *See* Exhibit 3, p. 2.

and "premises liability."[4] She seeks monetary relief in an amount "over $250,000."[5]

## II.
## Timeliness of Removal and Consent of Defendant

3.      Fiesta was served on December 9, 2020.[6] Fiesta timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

4.      Fiesta is the single defendant in this suit and, accordingly, no other defendants are necessary to join in, or consent to, this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.
## Venue

5.      The 11th Judicial District Court of Harris County, Texas is located within the Southern District of Texas, Houston Division. Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
## Diversity Jurisdiction

6.      A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7.      This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds

---

[4] *Id.* at p. 2–3.

[5] *Id.* at p. 1.

[6] Exhibit 2, Executed Citation for Fiesta.

$75,000. *See* 28 U.S.C. § 1332(a)(1).

**A.     Diversity of Citizenship**

8.     Diversity exists when the amount in controversy is $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

   *i.     Plaintiff's Citizenship*

9.     Plaintiff alleges she is a resident of Harris County, Texas.[7]

10.     Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition, and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

   *ii.     Defendant Fiesta's Citizenship*

11.     Fiesta is a citizen of the State of Delaware and the State of California. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

12.     Fiesta is a limited liability company. Its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13.     As explained in the affidavit of Mr. Michael Saltzstein, the sole member of Fiesta Mart, LLC is Bodega Latina Corp.[8] Bodega Latino Corp. is a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[9]

14.     The corporate structure of Fiesta has not changed since the time Mr. Saltzstein's

---

[7] *See* Exhibit 3, p. 1.

[8] Exhibit 6, Affidavit of Michael Saltzstein, ¶ 3

[9] *Id.*.

affidavit was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

15. Complete diversity exists as the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

**B. The Amount In Controversy Exceeds $75,000.**

16. Fiesta demonstrates herein that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount is controversy is established on the face of the complaint and the dollar-amount actually claimed. *See id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

17. Plaintiff's pleading alleges damages "over $250,000, and not less than $1,000,000.00."[10],[11] Accordingly, on the face of Plaintiff's pleading, the amount in controversy exceeds $75,000, and the jurisdictional requirement is satisfied. *See Lopez v. Wal-Mart Stores, Inc.*, No. CV-B-15-174, 2016 WL 1104884, at *3 n.2 (S.D. Tex. Jan. 15, 2016) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

## V.
## Notice

18. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice

---

[10] *Id.* at p. 1.

[11] Fiesta notes that Plaintiff appears to plead, inadvertently, either a minimum of $250,000 or of $1,000,000.00 but regardless has pled an amount in excess of $75,000.00.

of Removal.[12]

## VI.
## Exhibits to Notice of Removal

19. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

Exhibit 1:   Local Rule 81 Index;

Exhibit 2:   Executed Citation for Fiesta;

Exhibit 3:   Plaintiff Luz Garcia's Original Petition;

Exhibit 4:   Fiesta's Original Answer;

Exhibit 5:   The Docket Sheet of the 11th Judicial District Court of Harris County, Texas for Cause No. 2020-78112, *Luz Garcia v. Fiesta Mart, LLC*;

Exhibit 6:   Affidavit of Michael Saltzstein; and

Exhibit 7:   A copy of the Notice of Removal to be filed in state court.

## CONCLUSION

Defendant Fiesta Mart, LLC respectfully removes this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

---

[12] A copy of the notice to be filed is attached hereto as Exhibit 7.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _/s/ W. David Toney_
    W. David Toney
    Fed. Bar. ID No. 17174
    State Bar No. 00797561
    Chelsea J. Lu
    Fed. Bar. ID No. 3144205
    State Bar No. 24095439
    1221 McKinney Street, Suite 4400
    Houston, Texas 77010
    (713) 652-5151
    (713) 652-5152 Facsimile
    david.toney@arlaw.com
    chelsea.lu@arlaw.com

*Attorneys for Defendant,*
*Fiesta Mart, LLC*

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via email on this the 7th day of January, 2021.

Annie Basu
Jordan Sloane
BASU LAW FIRM, PLLC
P.O. Box 550496
Houston, Texas 77255
(713) 460-2673
(713) 690-1508 Facsimile
info@basulaw.com

    _/s/ W. David Toney_
    W. David Toney