Case 4:21-cv-00046 Document 1-3 Filed on 01/07/21 in TXSD Page 1 of 6

12/7/2020 11:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48687277
By: Patricia Jones
Filed: 12/7/2020 11:24 AM

2020-78112 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| **LUZ GARCIA** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **V.** | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| **FIESTA MART LLC,** | § | |
| **Defendant** | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Luz Garcia, hereinafter called Plaintiff, complaining of Fiesta Mart LLC, hereinafter called Defendant, and for cause of action show unto the Court the following:

**I.**
**LEVEL**

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

**II.**
**PARTIES**

Plaintiff, Luz Garcia, is an individual who resides in Harris County.

Defendant, Fiesta Mart LLC is a Corporation doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St. STE 900, Dallas, Texas 75201.

**III.**
**VENUE**

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs seek:

    a.    only monetary relief of over $250,000 and not less than $1,000,000.00, or

1

Exhibit 3

less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the cause of action occurred in Harris County, Texas.

## IV.
## FACTS

This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for injuries she sustained in an incident that happened on or about June 24, 2020. On that date, Plaintiff, an invitee, visited a Fiesta location in Houston, Texas. Plaintiff slipped and fell on a clear substance that was on the ground. She visited a clinic the very same day. The premises owned by Defendant was negligently maintained. On the date of the incident, the premises were under the custody and control of the Defendant that resulted in severe injuries. The Defendant failed to warn Plaintiff of the dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to her fall.

## V.
## NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or negligence per se of the Defendant, for a variety of acts and omissions, including but not limited to one or more of the following:

1. In failing to properly maintain said premises in a reasonable manner;

2. In failing to properly maintain said premises in a safe manner;

3. In failing to exercise caution;

4. In failing to provide warning; and,

2

Exhibit 3

5. In maintaining said premises in a reckless and careless manner.

Each and all of the above acts and/or omissions constituted negligence and each and all were the proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI.
## PREMISES LIABILITY-INVITEES

The occurrence made the basis of this suit and the resulting injuries and damages were caused by the Defendant's failure to properly maintain said premises in a safe manner. Plaintiff would show that:

1. The Plaintiff was an invitee;

2. The Defendant was a possessor of that premises;

3. A condition on the premises posed an unreasonable risk of harm;

4. The Defendant knew or reasonably should have known of the danger;

5. The Defendant breached its duty of ordinary care by both:

   a. Failing to adequately warn the Plaintiff of the condition, and

   b. Failing to make the condition reasonably safe; and

6. The Defendant's breach proximately caused the Plaintiff's injuries.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer pain and suffering and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in

3

Exhibit 3

Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past; and

L. Mental anguish in the future.

## VIII.
## JURY TRIAL

Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Exhibit 3

BASU LAW FIRM, PLLC

/S/Annie Basu

———————————————
Annie Basu
TBN: 24047858
Jordan Sloane
TBN: 24118537
P. O. Box 550496
Houston, Texas 77255
Tel: 713-460-2673
Fax: 713-690-1508
info@basulaw.com
**ATTORNEY FOR PLAINTIFF**

Exhibit 3

## REQUESTS FOR DISCLOSURE

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, Texas Rule of Civil Procedure 194 Request for Disclosure. You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j),194.2(k) and 194.2 (l) within fifty days of your receipt of this document, by sending your responses to Annie Basu, P. O. Box 550496, Houston, Texas 77255.

/s/Annie Basu

_____
ANNIE BASU

Exhibit 3