Case 4:21-cv-00046   Document 1-4   Filed on 01/07/21 in TXSD   Page 1 of 5

1/4/2021 7:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49350534
By: Iliana Perez
Filed: 1/4/2021 7:48 AM

Case No. 2020-78112

| | | |
|---|---|---|
| **LUZ GARCIA,** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| **Plaintiff,** § | | |
| v. § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **FIESTA MART, LLC** § | | |
| § | | |
| **Defendant.** § | | **11th JUDICIAL DISTRICT** |

**Defendant Fiesta Mart, LLC's Original Answer**

Defendant Fiesta Mart, LLC ("Fiesta") files its Original Answer to Plaintiff Luz Garcia's ("Plaintiff") Original Petition, and in support thereof, would respectfully show unto the Court as follows:

I.
General Denial

1. Fiesta, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies all of the claims as alleged by Plaintiff and respectfully prays that Plaintiff be required to prove her claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

II.
Affirmative Defenses

For further answer, if any is necessary, and without waiver of the foregoing, Fiesta pleads the following alternative, affirmative defenses:

2. Additionally, and/or in the alternative, and without waiving the foregoing, if Plaintiff is injured, Plaintiff had pre-existing injuries and/or illnesses and/or pre-existing conditions. If Plaintiff is injured, the reason is due, in whole or in part, to pre-existing injuries or

Exhibit 4

conditions, and Plaintiff is entitled to recover only on any exacerbation of the pre-existing condition and will not be compensated for the condition itself.

3.     Additionally, and/or in the alternative, and without waiving the foregoing, if Plaintiff has suffered damages, she has failed to mitigate those damages.

4.     Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta alleges that all of the conditions and circumstances presented to Plaintiff were open, obvious, and apparent, and pleads this fact as a complete defense to and/or in mitigation of any and all claims asserted by Plaintiff.  Further, Fiesta alleges that all conditions and circumstances alleged by Plaintiff with respect to the accident were open, obvious, and apparent.

5.     Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta contends that Plaintiff assumed the risk of injury at issue in this lawsuit, and that Plaintiff's claims are barred, in whole or in part, as a result.

6.     Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta would show that it did not have knowledge of the alleged danger(s) and/or alleged condition(s) resulting in the alleged accident and claimed damages made the basis of this lawsuit.

7.     Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta pleads all of the provisions of Chapter 95 of the Texas Civil Practice and Remedies Code, including, but not limited to, the limitations on damages contained therein.

8.     Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta alleges that, pursuant to the Texas Civil Practices and Remedies Code, including but not limited to § 41.0105, any recovery of medical and health related expenses be limited to the amount actually paid or incurred by Plaintiff or on behalf of Plaintiff.

Exhibit 4

9. Additionally and/or in the alternative, and without waiving the foregoing, Fiesta alleges that Plaintiff's negligence contributed to, in whole or in part, and was a proximate and/or producing cause of her alleged injuries. As such, Fiesta invokes the doctrine of comparative negligence, comparative fault, and/or contributory negligence as those doctrines apply to bar and/or reduce Plaintiff's claims and causes of actions for any injuries and damages Plaintiff alleges.

10. Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta asserts its right to contribution under Texas Civil Practices and Remedies Code § 33.015.

11. Additionally, and/or in the alternative, and without waiving the foregoing, Plaintiff's alleged injuries resulted from acts or omissions of third parties over whom Fiesta had no control and for whose actions Fiesta had no legal responsibility.

12. Additionally, and/or in the alternative, and without waiving the foregoing, Plaintiff's alleged damages, if any, resulted from an intervening or superseding or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff.  Such separate and independent events or agencies destroyed a causal connection, if any, between any alleged breach of legal duty on the part of Fiesta and any injuries alleged by Plaintiff, and thereby became the immediate and/or sole cause and/or proximate cause of the occurrences and/or alleged injuries, relieving Fiesta of liability to Plaintiff.

13. Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta alleges that it is not liable for the alleged accident and damages that make the basis of this lawsuit because they resulted from alleged hazards for which Fiesta had no duty to warn.

14. Additionally, and/or in the alternative, and without waiving the foregoing, Fiesta requests the Court to reduce the amount of damages, if any, to be recovered by Plaintiff with

Exhibit 4

respect to a cause of action by a percentage equal to Plaintiff's percentage of responsibility. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a).

15. Fiesta reserves its right to plead additional denials, Fiesta Lake further reserves its right to amend this answer to Plaintiff's Original Petition until after it has had an opportunity to more closely investigate these claims as is its right and privilege under the Rules of Civil Procedure and the laws of the State of Texas.

IV.

16. Pleading further, Fiesta hereby gives actual notice to Plaintiff that any and all documents produced during discovery may be used against Plaintiff and all other parties at any pre-trial proceeding and/or trial without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

VI.
Jury Demand

17. Finally, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Fiesta hereby formally makes this demand and application for a jury trial in this litigation.  A jury fee has been paid.

**PRAYER**

Defendant Fiesta Mart, LLC prays that the Court enter judgment that Plaintiff Luz Garcia take nothing by reason of this suit, that Fiesta be discharged, that all court costs expended or incurred in this cause be adjudged and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Fiesta may show itself justly entitled or deemed appropriate by this Court.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: */s/ W. David Toney*
W. David Toney
State Bar No. 00797561
Chelsea J. Lu
State Bar No. 24095439
1221 McKinney Street, Suite 4400
Houston, Texas 77010
(713) 652-5151
(713) 652-5152 Facsimile
david.toney@arlaw.com
chelsea.lu@arlaw.com

*Attorneys for Defendant,*
*Fiesta Mart, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served in accordance with Rules 21 and 21(a), Texas Rules of Civil Procedure, on this 4th day of January, 2021.

Annie Basu
Jordan Sloane
BASU LAW FIRM, PLLC
P.O. Box 550496
Houston, Texas 77255
(713) 460-2673
(713) 690-1508 Facsimile
info@basulaw.com

*/s/ W. David Toney*
W. David Toney

5

Exhibit 4